UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STEVEN MILES

VERSUS

WOERNER DEVELOPMENT, INC.
AND ABC INSURANCE COMPANY

CIVIL ACTION

NO. 17-943-BAJ-EWD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

STEVEN MILES

VERSUS

WOERNER DEVELOPMENT, INC.
AND ABC INSURANCE COMPANY

CIVIL ACTION

NO. 17-943-BAJ-EWD

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand[1] filed by Plaintiff, Steven Miles ("Plaintiff"). Defendant, Woerner Development, Inc. ("Woerner Development") has filed an Opposition.[2] For the reasons set forth herein, the undersigned RECOMMENDS[3] that the Motion to Remand be DENIED. If this Report and Recommendation is adopted by the District Judge, the scheduling conference in this matter will be reset.[4]

### I.    Background

Plaintiff filed a Petition for Damages (the "Petition") in state court on July 14, 2017 against Woerner Development and ABC Insurance Company, Woerner Development's unknown insurer.[5] Per his Petition, Plaintiff alleges that he is the owner of residential property located at 513 Catadonna Street in Donaldsonville, Louisiana,[6] and that Woerner Development "built several weirs and dug out a canal which crosses under La. 308 and joins Bayou Lafourche just south of

---

[1] R. Doc. 8.

[2] R. Doc. 10.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] Although a scheduling conference was previously set in this case for January 4, 2018, the order setting that conference was vacated, R. Doc. 6, and the court noted that it would set a scheduling conference at a later date.

[5] *See*, R. Doc. 1-2, ¶ 10.

[6] R. Doc. 1-2, ¶ 3; R. Doc. 1-5, ¶ 3.

2

the La. 943 bridge, to alter the unnamed canal's flow."[7]  Plaintiff alleges that "[t]he dredging work changed the flow of water, so that water in Bayou Lafourche goes upstream into the canal, instead of water flowing downstream into the bayou" and that "[a]s a direct result of the actions of [Woerner Development], on August 11, 2016, plaintiff's property was flooded."[8]  In addition to flooding in August, 2016, Plaintiff alleges that "he has been a victim of a continuing tort because his property was also flooded two other times as a result of drainage changes on February 28, 2016 and May 28, 2014"[9] and that as a result of the flooding, his "property was overtaken with mold."[10]

On September 15, 2017, Plaintiff filed a First Amended Petition for Damages in state court, averring that "his damages exceed the jurisdictional limit of $75,000.00, exclusive of interest and costs."[11]  On October 6, 2017, Woerner Development removed the suit to this court pursuant to 28 U.S.C. § 1332.  Per its Notice of Removal, Woerner Development alleged that "it is a foreign company incorporated in the state of Alabama with its principal place of business at 818 N. McKenzie Street, Foley, AL 36536"[12] and that Plaintiff "is a citizen of Louisiana."[13]

On October 25, 2017, Plaintiff filed the instant Motion to Remand.[14]  Plaintiff asserts that "[w]hile it is clear that the amount in controversy exceeds $75,000 and the only parties currently in this matter are diverse,"[15] remand is nevertheless proper because Plaintiff intends to add

---

[7] R. Doc. 1-2, ¶ 4; R. Doc. 1-5, ¶ 4.

[8] R. Doc. 1-2, ¶¶ 4-5; R. Doc. 1-5, ¶¶ 4-5.

[9] R. Doc. 1-2, ¶ 6; R. Doc. 1-5, ¶ 6.

[10] R. Doc. 1-2, ¶ 7; R. Doc. 1-5, ¶ 7.

[11] R. Doc. 1-5, ¶ 11.

[12] R. Doc. 1, ¶ 4.

[13] R. Doc. 1, ¶ 15(A)(1).  With respect to ABC Insurance Company, Woerner Development correctly noted in its Notice of Removal that the citizenship of a fictitiously named defendant is disregarded. R. Doc. 1, ¶ 15(A)(3). 28 U.S.C. § 1441(b)(1).

[14] R. Doc. 8.

[15] R. Doc. 8, p. 1.

additional, non-diverse defendants.[16] Plaintiff asserts that these "not yet parties are indispensable to the litigation, and some are non-diverse" from the Plaintiff.[17] Although Plaintiff does not specifically state which of these future potential defendants is non-diverse from him, he lists the following "not yet parties" in his Motion to Remand: Doug Woerner (individually);[18] Woerner Turf, Montgomery, Inc;[19] Woener Realty, Inc.[20] (collectively, the "New Woerner Defendants"); Bayou Lafourche Freshwater District ("Bayou Lafourche"); and Nationwide Agribusiness Insurance Company ("Nationwide").[21] While Plaintiff fails to adequately allege the citizenship of the New Woerner Defendants and Nationwide, the undersigned assumes that Plaintiff is concerned with the possible future joinder of Bayou Lafourche, which Plaintiff asserts is "a political entity of the State of Louisiana."[22]

---

[16] R. Doc. 8, ¶ 1 ("Upon first being notified of Woerner's Notice of Removal, Plaintiff advised counsel that this matter was not appropriate for removal as we intended to Amend the lawsuit to include non-diverse defendants."); R. Doc. 8-1, p. 2 ("In spite of being made aware of our intention to add these additional parties, counsel on behalf of Woerner chose to proceed with the removal of this matter.").

[17] R. Doc. 8, ¶ 4.

[18] Plaintiff does not set forth the citizenship of Mr. Doug Woerner. Instead, Plaintiff asserts in his Motion to Remand that Mr. Woerner is a "resident" of Louisiana. In order to allege the citizenship of an individual, that individual's domicile must be alleged. *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile, mere residence in the State is not sufficient.").

[19] Per the Alabama Secretary of State's business entity records, Woerner Turf, Montgomery, Inc. is an Alabama domestic corporation with its principal address in Alabama. Although this information does not definitively establish Woerner Turf's citizenship for purposes of this court's jurisdictional analysis, it does indicate to the undersigned that Woerner Turf is likely a diverse party from Plaintiff. *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation.").

[20] Per the Alabama Secretary of State's business entity records, Woerner Realty, Inc. is an Alabama domestic corporation with its principal address in Alabama. Again, while not dispositive, this information indicates that Woerner Realty is likely diverse from Plaintiff.

[21] Plaintiff does not set adequately allege Nationwide's citizenship. Instead, Plaintiff only asserts that Nationwide is "domiciled in the State of Indiana." R. Doc. 8, ¶ 4(g).

[22] R. Doc. 8, ¶ 4(f). In *Safford v. Bayou Lafourche Fresh Water Dist.*, 872 So.2d 1127, 1128-29 (La. App. 1 Cir. 2004), the Louisiana First Circuit Court of Appeal explained that "[t]he Bayou Lafourche Fresh Water District (the District), a political corporation, was created by Acts 1950, No. 1131 for the purpose of 'furnishing fresh water from the Mississippi River to the incorporated villages, towns and cities along Bayou Lafourche and within or adjacent to [the District's] boundaries.'" Pursuant to La. R.S. § 38:3086.21, "a body politic and corporate to be known as Bayou Lafourche Fresh Water District, for the purpose of furnishing fresh water from any available fresh water source, including any ground water and surface water sources to the water purification facilities serving the incorporated

4

In opposition to the Motion to Remand, Woerner Development "does not dispute that Plaintiff *intends* to name non-diverse parties to this lawsuit."[23] However, Woerner Development points out that "at the time of Woerner's filing of its Notice of Removal, Plaintiff had not yet named these parties as additional defendants" and that "[s]till now, Plaintiff has not yet named these parties as additional defendants."[24]

## II.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). In removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court. *Coury v. Prot*, 85 F.3d 244, 248-289 (5th Cir. 1996) (citation omitted).[25] The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007).  The removing party has the burden of proving federal diversity jurisdiction.

---

villages, towns, and cities along Bayou Lafourche and within or adjacent to the boundaries of the district…" was created.

[23] R. Doc. 10, p. 1.

[24] R. Doc. 10, p. 1.

[25] No party is arguing that there was any change in jurisdictional facts between the filing of the suit in state court and the removal of the case to this court.

*Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

Significantly, the parties agree that the parties presently named in this suit (which are the same parties named at the institution of Plaintiff's suit in state court) are completely diverse from one another. Although Plaintiff states that he intends to name a non-diverse defendant (presumably Bayou Lafourche), Plaintiff has not sought to file an Amended Petition in this court. Instead, Plaintiff asks this court to remand this action "to the 23rd Judicial District Court…to allow the adding of these additional parties…."[26]

"When a district court has original subject-matter jurisdiction over a claim, it has no authority to remand the case to state court." *Jefferson v. Certain Underwriters at Lloyd's London*,

---

[26] R. Doc. 8. Although Plaintiff has not sought to amend his Petition, he states in his Motion to Remand that he has "prepared and attached for the courts [sic] consideration the 2nd Supplemental and Amending Petition which names those same non-diverse parties as additional parties in our pending lawsuit." R. Doc. 8, ¶ 3. It appears that this unsigned pleading and memorandum in support was intended to be filed in state court, as it contains the state court caption and cites Louisiana Code of Civil Procedure article 641 (Joinder of Parties) as support. R. Doc. 8-5. In the event Plaintiff sought to add a non-diverse party in this court, such motion would be considered pursuant to 28 U.S.C. § 1447(e). 28 U.S.C. § 1447(e) provides, "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, if diversity is the only basis for the court's subject matter jurisdiction and a district court permits joinder of a nondiverse defendant, it must remand the case to the state court. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (citing 28 U.S.C. § 1447(e)). "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). When determining whether to allow joinder of a non-diverse party under § 1447(e), "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits." *Id*. The *Hensgens* factors include: (1) the extent to which the purpose of the amendment is to defeat diversity; (2) whether the plaintiff has been diligent in requesting an amendment; (3) whether the plaintiff will be prejudiced if the amendment is denied; and (4) any other factors bearing on the equities. *Id*. Applying these factors, the court in *Hensgens* held the post-removal joinder of a non-diverse, non-indispensable party destroys diversity jurisdiction. *Id*. Although the Fifth Circuit decided *Hensgens* before the enactment of § 1447(e), the court has subsequently approved the application of the *Hensgens* factors to a § 1447(e) case. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999); *Tillman v. CSX Transport., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991); *see also Smith v. Lucas Tire Co., Inc.*, Civ. A. 94-2215, 1995 WL 57295, at *2 (E.D. La. Feb. 10, 1995). In *Cobb*, as in *Hensgens*, the Fifth Circuit concluded that, "post-removal joinder of non-diverse defendants pursuant to Fed. R. Civ. P. 19 destroys diversity for jurisdictional purposes and requires remand, even when the newly joined defendants are not indispensable." 186 F.3d at 677. Thus, "it is technically immaterial" whether the non-diverse defendants sought to be added are indispensable or dispensable parties for the purposes of the analysis required under § 1447(e). *Joseph v. Fluor Corp.*, Civil Action No. 07-516, 513 F. Supp. 2d 664, 670 (E.D. La. 2007) (citing *Cobb*, 186 F.3d at 680-81).

658 Fed. Appx. 738, 740 (5th Cir. 2016) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) ("'When the federal court has original subject-matter jurisdiction over a claim, that jurisdiction is 'not discretionary with the district court' and 'can neither be conferred nor destroyed by the parties' waiver or agreement.'") (internal citations omitted)); *see also*, *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993) (setting out the limited circumstances under which a district court has general authority to remand). "This Court may not remand a case simply because it believes that doing so would be a good idea." *Lillie v. Wyeth-Ayerst Laboratories*, Civ A. No. 94-1744, 1994 WL 532091, at * 1 (E.D. La. Sept. 26, 1994). As noted above, in removed actions, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court, *Coury*, 85 F.3d at 248-289, and the parties' pleadings establish such diversity of citizenship exists here. "A possible future destruction of diversity, even by the addition of an indispensable party, is not a proper ground for remand." *Lillie*, 1994 WL 532091, at * 1. *See also*, *Oiler v. Biomet Orthopedics, Inc.*, No. Civ. A. 02-3778, 2003 WL 22174285, at * 6 (E.D. La. Sept. 17, 2003) (same); *McQuiston v. Boston Scientific Corp.*, Civil Action No. 07-1723, 2008 WL 104210, at *1 (W.D. La. Jan. 9, 2008) ("Diversity…is determined based on the parties actually named in this suit. A possible future destruction of diversity, even by the promised later addition of an indispensable party, is not a proper ground for remand."); *Hydro-Action, Inc. v. James*, Civil Action No. 1:02-619, 233 F.Supp.2d 836, 839 (E.D. Tex. Dec. 11, 2002) (denying motion to remand and explaining, *inter alia*, that "Hydro-Action states that it intends to add Larry Jernigan as a defendant in this action. Jernigan is from Lumberton, Texas, and would destroy complete diversity. While the addition of Jernigan as a party could divest this court of jurisdiction, that issue is not properly before the court at this time."). Accordingly, because federal diversity subject matter jurisdiction existed at the time of the filing

7

of the state court Petition and at the time of removal, and because Plaintiff has not yet sought (or in turn been granted leave) to add additional non-diverse defendants, the undersigned recommends that Plaintiff's Motion to Remand[27] be denied.

### III.    Recommendation

For the reasons set forth herein, the undersigned RECOMMENDS that the Motion to Remand[28] filed by Plaintiff, Steven Miles, be DENIED.  If this Report and Recommendation is adopted by the District Judge, the scheduling conference in this matter will be reset.

Signed in Baton Rouge, Louisiana, on March 1, 2018.

*Erin Wilder-Doomes*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[27] R. Doc. 8.
[28] R. Doc. 8.